UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:04-cr-5196 OWW** |
| Plaintiff, | **STANDING ORDER RE CRIMINAL CASES** |
| v. | |
| SANTIAGO FIERRO, et al., | TRIAL DATE: August 9, 2005<br>TIME: 9:00 AM<br>COURTROOM: Two |
| Defendants. | |

### I.   SUGGESTED VOIR DIRE EXAMINATION and WITNESS LISTS

A.   All counsel will electronically file all suggested voir dire examination questions no later than 4:00 p.m., on the Thursday preceding the commencement of trial.

B.   All counsel will electronically file the list of all potential witnesses, including those which counsel <u>may reasonably be expected to call</u> as rebuttal witnesses, **by 12:00 p.m. on the day prior to the commencement of the trial.  (This list will be referred to in voir dire.)**

### II.   PROPOSED INSTRUCTIONS

A.   Each counsel shall, no later than Thursday at 4:00 p.m. preceding the trial of the action, electronically file their proposed jury instructions, as follows:

1.   The instructions shall identify the proponent at the top:

a.   "Government's Proposed Instruction No. 1, et seq.," or

b.  "Defendant Smith's Proposed Instruction No. 1, et seq."  Each instruction shall bear a brief title describing the topic of the instruction and shall contain a citation of the supporting authority and a legend at the lower left margin: Given; Given As Modified; Refused; Withdrawn.

B. Counsel shall also e-mail a copy of their proposed instructions in WordPerfect or Word format to glucas@caed.uscours.gov.

N.B.:  The Court will **not** accept a list of numbers of instructions from Blackmar and Devitt or Caljic not actually including reproduced instructions.

### III.  **INSTRUCTION CONFERENCE**

Counsel are ordered to meet and confer prior to the instruction conference and be prepared to indicate to the Court, in writing, which jury instructions they agree upon and any instruction to which counsel has objection, in whole or in part.  Objections should be typed, but in exceptional circumstances the Court will receive the same in legible handwritten form.  In addition to identifying the objectionable instruction, counsel shall state in concise terms the basis for their objection.  These written objections will be reviewed by the Court before the Instruction Conference which will be held before the jury is instructed by the Court.

N.B.:  The Court instructs before oral argument.

### IV.  **ADDITIONAL INSTRUCTIONS**

The Court will consider instructions filed after the date specified in Paragraph I, supra, only if they pertain to issues which arose during the trial and could not be reasonably foreseen in advance of trial.

### V. UNUSUAL EVIDENTIARY PROBLEMS

Counsel are directed to identify any unusual problems relating to the admissibility of evidence (as opposed to suppression of evidence)[1] which may arise at the trial of the action. If counsel has reason to believe that such problems are present, counsel who propose to introduce such evidence are ordered to:

A. File a written offer of proof, together with a memorandum of supporting authority, no later than six (6) days prior to trial.

B. Should opposing counsel have objection to the introduction of such evidence, a memorandum of points and authorities in opposition to such evidence shall be filed no later than three (3) days prior to trial.

C. During trial, it shall be the duty of counsel to notify the Court of evidentiary problems by 4:30 p.m. of the day preceding the trial day on which the problem is expected to arise. Such matters shall be taken up at 8:30 a.m. on the trial day following such notification.

---

[1] All evidence, including defendants' statements, sought to be suppressed must be addressed by pre-trial motion pursuant to the provisions of Federal Rule of Criminal Procedure 12.

D. Counsel shall notify the court by 4:30 p.m. the day before any witness will be called who is expected to invoke the Fifth Amendment privilege against self-incrimination.

N.B.: This includes voir dire or other examination of witnesses to be conducted outside the presence of the jury.

## VI. EXHIBITS

**All exhibits will be premarked and an original and two copies of the exhibit list will be submitted to the Courtroom Deputy no later than 4:00 p.m. on the day prior to the first day of trial.** Joint exhibits shall be marked in sequence with Roman numerals; Government exhibits shall be marked with Arabic numerals, defense exhibits shall be marked with letters, i.e., A; AA, etc. In voluminous exhibit cases the courtroom deputy will preassign blocs of exhibit numbers.

## VII. COURTROOM DECORUM

Please familiarize yourself with Exhibit "A" attached regarding courtroom procedures and decorum.

SO ORDERED.

OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

EXHIBIT "A"

COURTROOM DECORUM

The purpose of these guidelines is to state, for the guidance of counsel, certain basic principles concerning courtroom decorum.  The requirements stated are minimal, not all-inclusive, and are intended to emphasize the supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time honored customs of experienced trial counsel.

When appearing in this Court, all counsel (including where the context applies, all persons at counsel table) shall abide by the following:

1.  Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for the purposes of handling or tendering exhibits.

2.  Stand at or in the vicinity of the lectern while making opening statements or closing arguments, except to refer to exhibits.

3.  Address all remarks to the Court, not to opposing counsel.

4.  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain detached from any ill-feeling between the litigants or witnesses.

5.  Do not address jurors by name nor approach the jury

box.

      6.  Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

      7.  Only one attorney for each party shall examine, or cross-examine each witness.  The attorney stating objections, during direct examination, shall be the attorney recognized for cross-examination.

      8.  Only one attorney for each party shall present oral argument on motions, opening statements, or closing arguments, although separate motions, the opening statement, or closing argument may be divided among counsel if a party has more than one trial counsel.

      9.  Counsel should request permission before approaching the bench or a witness.  Any documents counsel wish to have the Court examine should be handed to the Clerk.

      10.  Any paper exhibit not previously marked for identification should first be handed to the Clerk to be marked before it is tendered to a witness for examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

      11.  Exhibits should be moved into evidence after the foundation is laid.  Do not wait until the close of your case to move the admission of exhibits.

12. No speaking objections. In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

13. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14. Offers of, or requests for, a stipulation should be made to opposing counsel, not within the hearing of the jury.

15. In opening statements and in arguments to the jury, counsel shall not express personal knowledge or personal opinion concerning any matter in issue.

16. Counsel shall admonish all persons at counsel table and parties present in the courtroom that gestures, facial expressions, laughing, snickering, audible comments, or other manifestations of approval, disapproval or disrespect during the testimony of witnesses are prohibited.